UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>MARGARITO RIOS CALLEROS,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. CV 07-7212 MMM<br>CR 05-1178 MMM<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |

On February 8, 2007, defendant Margarito Rios Calleros pled guilty to conspiracy to distribute in excess of 500 grams of cocaine in *United States v. Donato Sanchez, et al.*, CR No. 05-1178-MMM. He was subsequently sentenced to 43 months in prison. Calleros has filed a *pro se* motion to reduce his sentence under 28 U.S.C. § 2255. Having considered defendant's moving papers and the government's opposition, the court denies the motion.

## I. FACTUAL & PROCEDURAL BACKGROUND

On February 8**,** 2007, defendant Calleros pled guilty to conspiracy to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. § 846.[1] Calleros and the government entered into a binding

[1]Binding Plea Agreement for Defendant Margarito Rios Calleros ("Plea Agreement"), ¶¶ 2, 8.

plea agreement, which was filed on February 8, 2007.[2] Both parties agreed that the appropriate sentence in Calleros' case was a period of 60 months in prison, a four year period of supervised release, and a $100 mandatory special assessment.[3] Calleros admitted that as a member of the conspiracy, he made cocaine deliveries, and that law enforcement officers found approximately 1,000 grams of cocaine in his vehicle when it was stopped.[4] Calleros waived his "right to appeal his conviction[,] . . . any sentence imposed by the Court and the manner in which the sentence [was] determined provided that the sentence [was] not more than five years imprisonment."[5] He also waived "any right to bring a post-conviction collateral attack on the conviction or sentence except a post-conviction collateral attack based on a claim of ineffective assistance of counsel."[6]

The court accepted the terms of the binding plea agreement,[7] and on May 24, 2007, sentenced Calleros to 43-months imprisonment.[8]

On November 2, 2007, Calleros filed a *pro se* motion to reduce his sentence under 28 U.S.C. § 2255. He asks the court to reduce his sentence in accordance with the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment, and the Equal Rights Act.[9] Calleros' claim that his sentence violates due process and equal protection appears to be based

---

[2]See Docket Entry No. 340.

[3]Plea Agreement, ¶ 11.

[4]*Id.*, ¶ 8.

[5]*Id.*, ¶ 18.

[6]*Id.*

[7]Change of Plea – Criminal Minutes (Feb. 20, 2007).

[8]Judgment and Probation/Commitment Order (May 24, 2007). As recommended by the parties and probation, the court adjusted the sentence under § 5G1.3(b) to reflect the amount of time that Calleros had spent in state custody for the conduct that gave rise to the conviction, as it was clear that the Bureau of Prisons would not credit him for that time. As a result, defendant's actual sentence was 43 months.

[9]Defendant's Motion for Time Reduction By an Inmate in Federal Custody Under Title 28 U.S.C. § 2255 ("Def.'s Mot.") at 2.

on an argument that the "United States Attorney General can offer up to two (2) points downward departure if defendant accepts a final deportation order, and that as a alien he is subject to more stringent prison conditions than a United States citizen.[10]

## II. DISCUSSION

### A. Legal Standard Governing 28 U.S.C. § 2255 Motions

Defendants may collaterally attack federal prison sentences by filing a 28 U.S.C. § 2255 motion with the court that imposed the sentence. See 28 U.S.C. § 2255; see also *McCraw v. United States*, 353 F.2d 201, 202 (9th Cir. 1965) ("[A] section 2255 motion . . . is a collateral proceeding," citing *Palomino v. United States*, 318 F.2d 613, 616 (9th Cir. 1963)).[11] The statute provides relief when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255; see also *Hill*, 364U.S. at 426-27 (clarifying the four separate grounds of relief).

If "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may dismiss the claim without conducting a hearing. 28 U.S.C. § 2255; see also *United States v. Zuno-Arce*, 209 F.3d 1095, 1102 (9th Cir. 2000) (holding that the district court did not abuse its discretion by denying an evidentiary hearing where the movant failed to show that such a hearing was required under § 2255), overruled on other grounds, *Valerio v. Crawford*, 306 F.3d 742, 746 (9th Cir. 2002); *Eggleston v. United States*, 798 F.2d 374, 376 (9th Cir. 1986) (denying an evidentiary hearing where the allegations failed to show that the movant was entitled to relief). The court must determine "whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.

[10]*Id.* at 1-2.

[11]Congress enacted § 2255 "to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction of the federal courts" without circumscribing the remedies available through the ancient writ. *United States v. Hayman*, 342 U.S. 205, 219 (1952); see also *Hill v. United States*, 368 U.S. 424, 427 (1962) (noting that the "remedy [under § 2255 is] exactly commensurate with that which had previously been available by habeas corpus").

1984) (citing *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980)); accord *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). It may dismiss the claims if "the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Schaflander*, 743 F.2d at 714 (citing *Blackledge v. Allison*, 431 U.S. 63, 76 (1977)); accord *Leonti*, 326 F.3d at 1116; see also *Zuno-Arce*, 209 F.3d at 1102; *Eggleston*, 798 F.2d at 376.

In ruling on a § 2255 motion, the court may consider all documents in the record as well as its own recollection of events. *Shah v. United States*, 878 F.2d 1156, 1160 (9th Cir. 1989) (upholding a district court's decision based in part "on a record which included . . . the judge's own recollections of the proceedings"); *Watts v. United States*, 841 F.2d 275, 276-77 (9th Cir. 1988) (upholding a district court decision based in part on the judge's "own recollections").

**B. Legal Standard Governing Waiver of the Right to Attack a Sentence Collaterally**

A defendant may, in his plea agreement, waive the right to challenge his sentence collaterally in a § 2255 proceeding. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); see also *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack is statutory, and an express waiver of a statutory right is enforceable if the waiver is made knowingly and voluntarily. *Abarca*, 985 F.2d at 1014; see also *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998) ("Martinez agreed that if he breached the agreement, he could challenge neither his plea nor his sentence"); *United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995) ("A defendant may waive the statutory right to appeal his sentence"); *United States v. Bolinger*, 940 F.2d 478, 480 (9th Cir. 1991) ("[A]n express waiver of the right to appeal in a negotiated plea of guilty is valid if knowingly and voluntarily made").

To determine whether a waiver is knowing and voluntary, courts consider both the plain language of the plea agreement as well as the "circumstances surrounding the signing and entry of the plea agreement," particularly "the district court judge's clear statements at sentencing [and] the defendant's assertion of understanding." *Buchanan*, 59 F.3d at 917-18; see also *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005); cf. *Pruitt*, 32 F.3d at 433 (holding that language in the plea agreement that the defendant "will not *appeal* whatever sentence is imposed by the court"

did not expressly waive his right to attack the sentence collaterally (emphasis added)). Even if a defendant is not aware of the exact details of the rights being waived, the waiver is enforceable if he makes a voluntary concession in exchange for the certainty of a plea agreement. *United States v. Castillo*, 464 F.3d 988, 992 (9th Cir. 2006) ("Garcia-Lopez expressly and effectively bargained away his appeal rights"); *United States v. Navarro-Botello*, 912 F.2d 318, 320 (9th Cir. 1990) ("He knew he was giving up possible appeals, even if he did not know exactly what the nature of those appeals might be. In exchange, he gained a set sentence. Just because the choice looks different to Navarro-Botello with the benefit of hindsight, does not make the choice involuntary").

**C. Whether Calleros Knowingly and Voluntarily Waived His Right to Attack His Sentence Collaterally**

Given the clear and unambiguous language of Calleros' plea agreement, as well as the Rule 11(b) plea colloquy in which the court engaged prior to Calleros' entry of a guilty plea, the court concludes that Calleros waived his right (with certain limited exceptions) to attack his sentence under § 2255, and that this waiver must be enforced.

Calleros' plea agreement plainly provides for a waiver of the right to collaterally attack the sentence imposed by the court unless the attack is "based on a claim of ineffective assistance of counsel."[12] In addition to this clear and unambiguous language in the agreement itself, the record shows that Calleros entered into the agreement knowingly and voluntarily. At the change of plea hearing, the court engaged in an extensive Rule 11 colloquy with Calleros. It properly advised Calleros of the nature of the charges against him,[13] the consequences of conviction,[14] the constitutional rights he would waive if he pleaded guilty,[15] and the statutory maximum sentence that

---

[12]Plea Agreement, ¶ 18.

[13]See Plea Transcript at 10-11.

[14]*Id.* at 11-14, 16.

[15]*Id.* at 7-10.

applied in his case.[16] The court also summarized each of the terms of Calleros' plea agreement, including the appeal and collateral attack waivers,[17] and satisfied itself that Calleros understood them. Calleros acknowledged that he had discussed the proposed sentence and the terms of the plea agreement with his attorney, and assured the court that he was entering the plea knowingly and voluntarily.[18] Based on Calleros' statements, at the end of the plea hearing, the court found that Calleros' had "entered the plea competently and voluntarily, understanding fully the nature of the charges against him and the consequences of the plea."[19] The court also found that Calleros understood his constitutional and statutory rights and wished to waive them.[20]

Given the clear language of the plea agreement, and Calleros' responses to the court's questions during the plea hearing, the court finds that Calleros' entry into the plea agreement was knowing and voluntary. Notably, Calleros has not argued that his entry of the plea was either unknowing or involuntarily. Nor has he argued that his sentence should be reduced on grounds of ineffective assistance of counsel, the basis exception to his general waiver of the right to attack the sentence collaterally. As a result, the court holds that Calleros has waived the right to attack his sentence on the bases asserted in his § 2255 motion. The court therefore denies the motion.

**III. CONCLUSION**

For the reasons stated, defendant's motion for a reduced sentence under 28 U.S.C. § 2255 is denied.

DATED: September 22, 2008

Margaret M. Morrow

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

---

[16] *Id.* at 11-12.

[17] *Id.* at 15-16.

[18] *Id.* at 15-17, 19-20.

[19] *Id.* at 20.

[20] *Id.*